440 F.2d 1181
 Helen STEIN,[1] Widow and Administratrix of the
succession of Awtrey C. Gaudet, Deceased, Plaintiff-Appellee,
v.
SEA-LAND SERVICES, INC., Defendant-Appellant.
No. 30525 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 29, 1971.
 
 Stuart A. McClendon, McClendon & McClendon, Metairie, La., for defendant-appellant.
 George W. Reese, Peter J. Abadie, Jr., Reese & Abadie, New Orleans, La., for plaintiff-appellee.
 Andrew T. Martinez, Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for defendant-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The original appellee Awtrey C. Gaudet was injured when he slipped and injured his back coming from a tier of cargo to the deck while working as a longshore foreman directing the loading of large trailer vans on the weather deck at the No. 3 hatch of the S.S. CLAIBORNE[2] on October 29, 1966, on the navigable waters of the Mississippi River in the city of New Orleans, Louisiana. He brought suit asserting that the accident and his resulting injury was caused by the unseaworthiness of the vessel in that it was not provided with ladders to go from tier to deck and further that the deck was greasy. The jury verdict by answers to special interrogatories found that the vessel was unseaworthy and that this was the proximate cause of Gaudet's injury, that Gaudet was contributorily negligent and that his contributory negligence, expressed in percentage, contributed approximately 20% To his injury. The jury assessed the amount of the damages necessary to fairly compensate Gaudet for the injury at $175,000.00. After trial before the trial court and again on this appeal, the defendant-appellee raised questions attacking the jury verdict. These attacks were mounted by motions for directed verdict at the close of the plaintiff's case, by motion for judgment notwithstanding the verdict, by motion for new trial, all on grounds of insufficiency of the evidence, and by motion for remittitur or alternatively for new trial on the ground of excessiveness of the verdict. The trial judge in an extensive (but oral and unreported) opinion sustained the verdict and the amount thereof and entered judgment for $140,000.00. We conclude that the trial judge correctly determined that the questions presented to him and on appeal to us represent no more than attempts to upset legitimate credibility choices of the jury. The judgment appealed from was right. It is
 
 
 2
 Affirmed.
 
 
 
 [1]
 The judgment appealed from was entered August 13, 1970 following a jury verdict in favor of the plaintiff Awtrey C. Gaudet for money damages in the amount of $140,000.00. Between verdict and final judgment Mr. Gaudet died June 29, 1970. After the entry of this appeal the present plaintiff-appellee was substituted upon motion and without objection
 
 
 [2]
 Owned and operated by Sea-Land Services, Inc., defendant-appellant